UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CORA LOADHOLT,                                         *COMPLAINT AND*
                                                       *JURY DEMAND*

                                  Plaintiff,

   -against-

                                                                       Docket No.
                                                                       1:14-cv-6904

POLICE OFFICER DMAINE FREELAND,
SHIELD NO. 27612, SGT. OMAR COLON        ECF CASE
FROM THE 75TH PRECINCT.
                                      Defendants.
------------------------------------------------------------------------X

      Plaintiff Cora Loadholt, by his attorney Cary London, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

      1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the First, Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from an April 19, 2014 incident in which defendants, acting under color of state law, pushed Ms. Loadholt against a wall, and arrested her for no valid reason inside of 1200 Sutter Avenue, in Brooklyn, N.Y. Ms. Loadholt spent approximately 23 hours unlawfully in police custody. After multiple court appearances, on September 10, 2014, Ms. Loadholt's case was dismissed because the People stated they could not prove the case beyond a reasonable doubt.

      3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

1

JURISDICTION

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. Plaintiff is a sales associate for L'Oreal Company.

8. Defendants Freeland and Colon were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Freeland and Colon were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Freeland and Colon were under the command of the 75th precinct on the date of the incident.

11. While an officer at the 75th precinct, Defendant Freeland and Colon supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Freeland and Colon were under the command of the 75th precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

FACTUAL CHARGES

14. On May 7, 2014, at approximately 7:50 a.m., Ms. Loadholt went with her friend Rosalyn Smith to Ms. Smith's apartment located at 1200 Sutter Avenue in Brooklyn, NY.

15. Ms. Loadholt entered the building with her Ms. Smith and took the elevator to the fifth floor, planning on going to Apt 5B at 1200 Sutter Avenue.

16. Ms. Loadholt and Ms. Smith walked towards Apt 5B and discovered Defendant Colon standing outside of the apt.

17. Ms. Smith said to Defendant Colon, "This is my apartment. What is going on?"

18. Defendant Colon replied, "Were executing a search warrant, the minute we are done you can come in."

19. Ms. Loadholt and Ms. Smith remained in the hallway of the 5th floor inside of 1200 Sutter Avenue for a few minutes waiting for the Police to leave the apartment.

20. A few minutes later, Defendant Freeland came out of apt 5B and said to Ms. Loadholt, "You can't stand in the hallway. Leave now."

21. Ms. Loadholt responded, "Why can't I stand here?"

22. Defendant Freeland responded, "Because you are trespassing. Leave the building immediately."

23. Ms. Loadholt replied, "I am not trespassing. I am with Ms. Smith who lives in Apt

5B. She is right here. I am allowed to be in the building."

24. Defendant Freeland then took out his handcuffs, grabbed Ms. Loadholt by the arm, and pushed her face-first against the wall in the hallway on the fifth floor.

25. Defendant Freeland then unlawfully handcuffed Ms. Loadholt.

26. There was no probable cause to arrest Ms. Loadholt.

27. Ms. Loadholt did not resist arrest.

28. Defendant Colon was present on scene and did not stop the unlawful arrest of Ms. Loadholt.

29. Defendant Freeland then walked Ms. Loadholt down the stairs while in handcuffs, exited the building, and placed her in an NYPD van.

30. Ms. Loadholt was then taken to the 75th precinct where no one would tell her why she was being arrested.

31. Ms. Loadholt was then taken to central booking to await arraignment.

32. While Ms. Loadholt was in central booking, Defendant Freeland and Defendant Colon, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Obstructing Governmental Administration in the Second Degree.

33. Ms. Loadholt was unlawfully held in police custody and arraigned on those charges.

34. At arraignments, the Judge released Ms. Loadholt on her own recognizance.

35. Ms. Loadholt spent approximately 23 hours unlawfully in police custody.

36. After approximately 3 court appearances, on September 10, 2014, Ms. Loadholt's case was dismissed because the People stated they could not prove the case beyond a reasonable doubt.

37. At all times during the events described above, Defendant Freeland and Colon were

engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

38. During all of the events described, Defendant Freeland and Colon acted maliciously and with intent to injure plaintiff.

## DAMAGES

39. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

  a) Violation of her rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

  b) Violation of her rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

  c) Physical pain and suffering;

  d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

  e) Loss of liberty;

  f) Loss of income.

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference.

41. The Defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

44. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

45. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

46. All of this occurred without any illegal conduct by plaintiff.

47. Plaintiff's case was dismissed and sealed.

48. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

49. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

50. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

53. The preceding paragraphs are here incorporated by reference.

54. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

55. Defendants did not have probable cause to initiate proceeding.

56. The criminal proceedings were terminate in plaintiff's favor.

57. Plaintiff's case was terminated in his favor and sealed.

58. Defendants have deprived plaintiff of his civil, constitutional, and statutory rights have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

59. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

E. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 23, 2014
Brooklyn New York

Respectfully submitted,

_____/s/_____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Ms. Loadholt
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 249-9391 – Fax
Cary@LondonIndusi.com

8